OPINION OF THE COURT
Memorandum.
Amended decision and order reversed without costs, defendants’ motion to dismiss the complaint granted and action dismissed.
Plaintiff, a contractor with offices in the City of Peekskill, Westchester County, commenced the instant suit to recover the balance due for labor and services performed on defendants’ residence in Carmel, in Putnam County, pursuant to a home improvement contract. Defendants were served in Putnam County and moved to dismiss the action based upon lack of in personam jurisdiction and failure to state a valid cause of action.
The jurisdiction of the City Court of Peekskill over defendants who are nonresidents of Westchester County is limited by various statutory provisions requiring that such defendants have a geographical nexus with the court’s territorial jurisdiction. UCCA 404 (a) (1) provides, in pertinent part, that the
“court may exercise personal jurisdiction over any non-resident of the county . . . as to a cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state and a resident of the county, if, in person or through an agent, he . . . transacts any business within the city.”
Plaintiff, therefore, had the burden of demonstrating that because the cause of action arose from defendants’ transaction of business within the City of Peekskill (UCCA 404 [a] [1]), it was permissible to serve process on defendants in adjoining Putnam County (UCCA 403, 404 [b]).
Plaintiff, however, failed to meet that burden. Plaintiffs assertion that defendants initially solicited plaintiff to perform the work on their home and that defendants were in frequent telephone contact with plaintiff during the course of the work, did not demonstrate that defendants engaged in such “purpose *44 ful acts” within the forum jurisdiction in relation to the parties’ agreement (see Longines-Wittnauer Watch Co. v Barnes & Reinecke, 15 NY2d 443, 457 [1965]) as would constitute the transaction of business within the City of Peekskill. Although plaintiff relies upon Parke-Bernet Galleries v Franklyn (26 NY2d 13 [1970]) in support of its contention that defendants’ telephone contacts were sufficient to sustain long-arm jurisdiction, that case is distinguishable from the case herein since in Parke-Bernet, the nonresident defendant’s direct and personal involvement in plaintiffs auction through an open telephone line was held to have constituted his “presence” in the jurisdiction. By contrast, in the instant case, defendants’ alleged telephone contacts with plaintiff were not of the same “nature and quality” (George Reiner & Co. v Schwartz, 41 NY2d 648, 654 [1977]) as would constitute a sufficient predicate for the assertion of long-arm jurisdiction.
Accordingly, since plaintiff failed to demonstrate that the cause of action arose from the transaction of business by the nonresident defendants within the City of Peekskill (UCCA 404 [a] [1]), the motion to dismiss should have been granted.
Rudolph, PJ., Angiolillo and Tanenbaum, JJ., concur.